**FILED**

JUN 1 2 2012

United States Bankruptcy Court
San Jose, California

United States Bankruptcy Court
Northern District of California

|  |  |
|---|---|
| In re | Case No. 08-56305-ASW |
| CHRISTINE M. PLASCENCIA, | Chapter 13 |
| Debtor. | |
| CHRISTINE M. PLASCENCIA, | Adv. Proc. No. 10-05097 |
| Plaintiff, | |
| vs. | |
| BNC MORTGAGE, INC., a Delaware corporation; FIRST AMERICAN TRUSTEE SERVICING SOLUTIONS, LLC, f/k/a FIRST AMERICAN LOANSTAR TRUSTEE SERVICES, LLC, a Texas corporation; Chase HOME FINANCE, LLC, a Delaware limited liability company; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; PROPERTY ASSET MANAGEMENT, INC., a Delaware corporation; U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE OF THE RESIDENTIAL LOAN TRUST 2008-2; ATLAS FINANCIAL/ATLAS REALTY; and SAMANTHA TREVINO, | |
| Defendants. | |

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

**MEMORANDUM DECISION AND ORDER GRANTING, IN PART,
PLAINTIFF'S MOTION TO COMPEL DISCOVERY,
AND SETTING DEADLINES AND BRIEFING SCHEDULE**

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

This matter comes before the Court on two motions by Plaintiff Christine M. Plascencia ("Plaintiff") seeking to compel discovery. The first motion seeks to compel discovery from Defendant Chase Home Finance, LLC ("Chase").  The second motion seeks to compel discovery from Defendants Mortgage Electronic Registration Systems, Inc. ("MERS") and U.S. Bank National Association, as Trustee of the Residential Loan Trust 2008-2 ("US Bank").  Collectively, and when practical to do so, the Court will refer to Chase, MERS, and US Bank as "Defendants." Defendants have opposed the motions, and both sides have filed supplemental written arguments which the Court has also considered.  For reasons which the Court shall explain, the motions to compel are granted, in part, and denied, in part.

## I. Background

The motions to compel pertain to discovery requests which Plaintiff propounded on each Defendant on May 5, 2011.  As to each Defendant, Plaintiff served a first request for production of documents, a first set of interrogatories, and a first set of requests for admissions.  On July 7, 2011, S. Christopher Yoo, as counsel for each of the Defendants, signed the discovery responses, objecting to much of the requested discovery but also agreeing to provide some discovery.

These are not the first motions to compel filed in this case. At a hearing held November 1, 2011, the Court denied a previous motion to compel filed by Plaintiff against Chase on the grounds that the motion failed to comply with both Fed. R. Civ. P. 37 and the local rules requiring counsel for the parties to meet and

confer.  At that hearing, the Court offered some guidance to the parties regarding the parties' respective burdens in a discovery setting and described how a renewed motion to compel should be properly formatted.

Plaintiff later filed three motions to compel, one of which this Court denied on February 10, 2012 for failure to satisfy the meet and confer requirements.  The motions were set to be heard on February 13, 2012, but the parties' filings suggested that Defendants might willingly provide discovery near the time of the hearing, which could render the motions to compel moot. Specifically, Defendants responded that approximately 90% of the discovery requests had been resolved, and that Defendants planned to supplement Defendants' discovery responses.  The Court therefore continued the hearing to April 3, 2012, ordered the Defendants to produce everything Defendants were willing to produce by March 2, 2012, ordered Defendants to file privilege logs for all allegedly privileged documents **with the Court** by March 2, 2012,[1] and gave Plaintiff until March 16, 2012 to explain whether any further discovery responses or productions remained deficient.

The Court received no privilege logs from any Defendant by the March 2, 2012 deadline, and Defendants filed none after the deadline. On March 16, 2012, Plaintiff filed two supplemental briefs contending that MERS and US Bank had produced documents identical to those produced by Chase, but arguing that the Defendants had not yet satisfied Defendants' discovery obligations.

---

[1] From Defendants' responses to the motions to compel, it appeared that Defendants had not withheld any documents on privilege grounds.  However, Defendants made assertions of privilege in responding to the discovery.

The Plaintiff's supplemental briefs identify several interrogatories and requests for admission which are no longer at issue. Defendants also filed supplemental replies, and Plaintiff filed yet another reply.

Because of the overlapping nature of the discovery requests and the objections to the discovery, the Court will address some of the objections together. But first, to put the motions in context, the Court will summarize the claims which Plaintiff asserts in this case.

In this action, Plaintiff asserts claims not only against Chase, MERS, and US Bank, but also against BNC Mortgage, Inc., First American Trustee Servicing Solutions, LLC ("First American"), Property Asset Management, Inc., Atlas Financial/Atlas Realty, and Atlas employee Samantha Trevino. Most of the claims are state law claims, but there are also claims premised upon the Truth in Lending Act ("TILA"), the Real Estate Settlement Procedures Act ("RESPA"), and Federal Reserve Board Regulation Z. Plaintiff's objective is to rescind a consumer credit transaction, to void Defendants' security interest in Plaintiff's home located at 3652 Slopeview Drive, San Jose, CA, and to recover damages, including punitive damages, attorney's fees, and costs. Plaintiff also seeks to avoid a nonjudicial foreclosure under California law on her home.

Within the claims, Plaintiff alleges that some or all Defendants engaged in the following conduct: (1) failing to deliver all material disclosures, including the finance charge, the amount financed, and the annual percentage rate; (2) failing to deliver two copies of a right to rescind; (3) improperly rejecting

Plaintiff's demand letter of November 3, 2008 for information about the loan; (4) wrongfully foreclosing on the property due to Defendants' lack of standing to foreclose -- Plaintiff contends that Chase, US Bank, and MERS are not holders of the note and have no ownership interest in the mortgage; (5) improperly executing a substitution of trustee without authority, appointing First American; (6) making a false statement that Plaintiff defaulted on the loan; (7) improperly issuing a notice of default and refusing to withdraw the notice of default; (8) failing to respond to Plaintiff's oral disputes; (9) failing to credit Plaintiff with timely monthly mortgage payments; (10) refusing to accept payments from Plaintiff after the erroneous notice of default; (11) permitting First American to record the notice of default and two notices of trustee sale; (12) failing to properly consider Plaintiff's ability to repay and directing Plaintiff to a higher risk grade loan than was suitable; and (13) charging unlawful, excessive fees and interest. This is not a comprehensive list of what Plaintiff alleges, but it gives some indication of the types of evidence which would be pertinent to Plaintiff's claims.

## II. Analysis of Motions to Compel

With regard to discovery in an adversary proceeding, Fed. R. Bankr. P. 7026 through 7037 provide that Fed. R. Civ. P. 26 through 37 apply. The scope of discovery under Rule 26 is fairly broad, and Rule 26(b)(1) provides:

> (1) Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense -- including the existence, description, nature, custody, condition, and location of any documents or other tangible things

and the identity and location of persons who know of any discoverable matter. **For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.** All discovery is subject to the limitations imposed by Rule 26(b)(2)(C). (Emphasis added).

Initially, the burden is on the party seeking discovery to show why the party is entitled to the discovery, in other words, that the discovery at least has some minimal relevance. Upon this showing, the burden shifts to the party opposing the discovery either to provide the discovery or to make a specific objection. When a party makes an improper objection to a discovery request or fails to respond adequately to a discovery request, a motion to compel is the proper remedy. <u>Fox v. Studebaker-Worthington, Inc.</u>, 516 F.2d 989, 995 (8th Cir. 1975). Under B.L.R. 1001-2, this Court follows Local Rule 37-2 of the District Court for the Northern District of California, which requires that a motion to compel "show how the proportionality and other requirements of Fed. R. Civ. P. 26(b)(2) are satisfied." This requires the Court to consider, for example, whether the discovery sought is unreasonably cumulative or can be obtained more easily or more cheaply from another source, as well as whether the burden of requiring the discovery outweighs the likely benefit. The Court can undertake a proportionality analysis under Rule 26(b)(2) either on a party's motion or on the Court's own initiative.

When a party completely fails to respond to a discovery request, the Court may order monetary and other sanctions. Fed. R. Civ. P. 37(d). An evasive or incomplete disclosure, answer, or response is treated as a failure to respond under Rule 37(a)(4).

General, non-specific objections are also treated as a failure to respond and a waiver of objection.  Attorney's fees are properly awarded to a party who successfully wins a motion to compel when the objecting party has no substantial justification for refusing to provide the discovery or has caused undue delay of the litigation.  See Rule 37(a)(5)(A)(ii).

In both motions to compel, Plaintiff contends that Defendants not only failed to provide discovery, but also failed to verify any discovery responses, failed to provide privilege logs, and accidentally responded to discovery propounded on other parties. Plaintiff says that most of the discovery objections are frivolous or pro forma, and not supported by explanation. As for the discovery which Defendants provided, Plaintiff contends that each Defendant failed to "pinpoint" how the documents produced were responsive to the discovery requests, and that some documents appeared to be missing from the disclosures.

Plaintiff's motions also identify several discovery requests to which Defendants purportedly agreed to respond, but for which Plaintiff believes the responses are incomplete or otherwise fall short.  However, notwithstanding any agreements to provide discovery, the focus of the Court's inquiry in this decision is whether there are grounds to compel discovery not willingly provided.  In this regard, the Court looks at the discovery requests and each Defendant's responses, then assesses whether Plaintiff is entitled to the discovery in light of the claims asserted in this litigation.  To the extent possible, the Court will address similar objections together.

## A. Requests for Production

The Court begins with Plaintiff's requests for production. Fed. R. Civ. P. 34, made applicable by Fed. R. Bankr. P. 7034, governs requests for production of documents and other items. Under Rule 34(b)(1), a request:

> (A) must describe with reasonable particularity each item or category of items to be inspected;
>
> (B) must specify a reasonable time, place, and manner for the inspection and for performing the related acts; and
>
> (C) may specify the form or forms in which electronically stored information is to be produced.

When a request for production is served, the party to whom the request is directed must either respond or object to the request with specificity. Rule 34(b)(2). If the responding party produces any documents, then the party "must organize and label them to correspond to the categories in the request[.]" Rule 34(b)(2)(E)(i).

Defendants initially objected to several of the requests for production on the grounds that the discovery sought documents which are privileged or covered by the work-product doctrine. However, in response to the motions to compel, Defendants stated that Defendants had not withheld any documents on privilege grounds but were simply preserving the right to do so. In this regard, the Court set a deadline of **March 2, 2012** for Defendants to file with the Court privilege logs for any allegedly privileged documents addressing the allegedly confidential nature of these documents. Defendants have filed no privilege logs. Therefore, the Court deems all objections as to privilege and work product to be waived.

Defendants also objected to several of the discovery requests as assuming facts not in evidence. This, however, is not a proper

1  basis for objecting to discovery.  The assumption of facts not in

2  evidence is a proper objection in the context of an evidentiary

3  hearing or trial, but not in the context of a discovery request in

4  which the issue presented is whether the discovery sought is

5  reasonably calculated to lead to the discovery of admissible

6  evidence.  This is a wholly different inquiry.  Therefore, the

7  objections premised upon assumption of facts not in evidence are

8  overruled.

9       There is another category of objections unique to MERS -- that

10 Plaintiff seeks production of documents allegedly outside of MERS'

11 possession, custody, or control.  Under Fed. R. Civ. P. 34(a)(1), a

12 request for production may be served on another party "to produce

13 and permit the requesting party or its representative to inspect,

14 copy, test, or sample the following items in the responding party's

15 **possession, custody, or control**[.]"  (Emphasis added).

16 Necessarily, if the party from which discovery is sought lacks

17 possession, custody, or control of the items sought, then this is

18 sufficient grounds to object to the discovery.  The burden is then

19 on the party seeking discovery to prove that the opposing party has

20 such control.  See United States v. International Union of

21 Petroleum and Indus. Workers, AFL-CIO, 870 F.2d 1450, 1452 (9th

22 Cir. 1989).  Here, with regard to each time this objection was

23 made, Plaintiff has complained that nothing was produced, but has

24 not shown that MERS has possession, custody, or control over the

25 requested discovery.  According to Plaintiff, MERS was able to

26 produce discovery identical to that which Chase previously

27 produced, which suggests that Chase rather than MERS was the

28 custodian of such discovery.  Therefore, the Court **sustains** the

objections by MERS to the following requests for production: **1-14, 21, 22, 27, 28, 37, 38, 40, and 42-46.** As to these specific requests, the motion to compel is denied, without prejudice.

Next, the Court deals with three boilerplate objections: (1) that the requested discovery is overbroad and unduly burdensome in the context of this litigation; (2) that the discovery requests are vague, ambiguous, and not reasonably particularized as related to the time period; and (3) that the discovery requests are directed at confidential or proprietary information. These objections by Chase, MERS, and US Bank appear numerous times in the discovery responses without any further explanation. The third of these objections is similar to the objections of privilege and would also have required a log, but no log has been filed for any allegedly confidential or proprietary information. Because these objections are unsupported, the objections provide no grounds to decline to produce discovery. See Duran v. Cisco Systems, Inc., 258 F.R.D. 375, 379-80 (C.D. Cal. 2009) (citing Mcleod, Alexander, Powel & Apffel, P.C. v. Quarles, 894 F.2d 1482, 1485 (5th Cir. 1990), and Panola Land Buyers Ass'n v. Shuman, 762 F.2d 1550, 1559 (11th Cir. 1985)). Further, Defendants have conceded in their responses to the motions to compel that wherever Defendants objected on grounds that the discovery was unduly burdensome, Defendants have nevertheless provided discovery. Plaintiff disagrees that the discovery Defendants provided was responsive, but that is a different issue which the Court will reach later. What is significant is that the boilerplate objections raised by Defendants did not relieve Defendants from the obligation to produce discovery.

Some of the Defendants' objections that terms in the discovery requests are "vague" and "ambiguous" pertain to the meaning of specific words. The terms are too numerous to analyze here, but the terms include, "payments," "accounts," "credit," "communications," "attorney-in-fact," "loan," "servicer," and "note." Defendants assert that the terms are undefined, unclear, and subject to multiple definitions, making it difficult for Defendants to reasonably respond. The Court has reviewed these particular discovery requests, and with regard to the following finds that the terms of which Defendants complains are neither vague nor ambiguous when viewed within the context of this case and the particular request: **Chase 5, 6, 8, 9, 11, 12, 15, 16, 17, 18, 20, 21, 26, 32, 40, 43, 44, 48; MERS 15, 16, 17, 18, 20, 32, 35, 47; and US Bank 5, 6, 8, 9, 11, 12, 16, 17, 18, 20, 21, 25, 26, 32, 35, 36, 40, 42, 47**. For example, references to Plaintiff's "accounts," viewed in context, clearly pertain to any loan accounts in which Plaintiff's payments on the loan were tracked. In addition, the term "attorney-in-fact" plainly refers to someone acting with a power of attorney, and the term "assignment" clearly refers to a transfer of interest. Reference to a dictionary and use of common sense make these discovery requests clearly understandable. If, after consulting a dictionary and viewing these terms in context, Defendants remain unable to determine the discovery Plaintiff seeks, either because Defendants believe the requests are unclear or the terms have multiple meanings, Defendants should promptly meet and confer with Plaintiff to determine the meaning which Plaintiff ascribes to these terms.

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

1    Therefore, as to these particular requests, the Court will

2  grant the motion to compel unless there are other grounds to deny

3  the motion -- which will become apparent throughout this ruling --

4  but will grant the motion only in part, because Defendants have

5  stated that Defendants have already provided documents responsive

6  to these requests. Therefore, to the extent that Defendants have

7  asserted that Defendants have already provided the requested

8  discovery -- and this holds true for all of the requests for

9  production -- the Court directs Defendants to make a particularized

10  list showing which Bates-numbered pages are responsive to which

11  specific discovery requests, as required by Rule 34(b)(2)(E)(i).

12  Then, if Plaintiff has any information that the Defendants have

13  specific, responsive documents which Defendants have failed to

14  produce, Plaintiff may make further application to this Court after

15  conferring with Defendants about such specific documents.

16    Some of the objections to the terms used in the discovery

17  requests are well-founded.  With regard to the following requests

18  for production, the Court is unable to determine what specific

19  discovery the Plaintiff seeks, because there is insufficient

20  context to give the words meaning or scope. Specifically, the

21  following requests for production contain terms which are not

22  sufficiently well-defined to bring each request within the

23  proportionality requirement of Fed. R. Civ. P. 26: **Chase 7, 10,**

24  **19, 23, 24, 31, 34; MERS 19, 23, 24, 31, 34; and US Bank 3, 7, 10,**

25  **19, 23, 24, 31, 34.**  For example, Plaintiff's request for

26  Defendants to provide copies of all contracts between Defendants is

27  broad and arguably reaches any contract entered into between

28  Defendants throughout the history of time.  Plaintiff also asks for

"copies of all payments received from Plaintiff," but the payments are not tied to any particular loan or transaction, and therefore the request fails under a proportionality analysis. Consequently, the motions to compel are denied as to **Chase 7, 10, 19, 23, 24, 31, 34; MERS 19, 23, 24, 31, 34; and US Bank 3, 7, 10, 19, 23, 24, 31, 34.**

For many of the discovery responses, no Defendant contended that the requests for production are <u>not</u> reasonably calculated to lead to the discovery of admissible evidence. Defendants have broadly asserted this argument in the briefs opposing the motion to compel, but because the argument was not presented in most of the objections, the argument is not properly presented and such objection is waived, to the extent the argument was not made in the discovery responses. <u>See</u> <u>Cardenas v. Dorel Juvenile Group, Inc.</u>, 230 F.R.D. 611, 621 (D. Kan. 2005). The time for making such objection was in the discovery responses, themselves, so that discovery would not be delayed.

Nevertheless, as to several of the discovery responses, Defendants refused to provide discovery unless Plaintiff could first show why the discovery was reasonably calculated to lead to the admissible evidence. As to many of the requests, the Court has already denied the motions to compel on other grounds. However, the argument that Plaintiff has not shown that the discovery is reasonably calculated to lead to discovery of admissible evidence remains live with regard to: **Chase 11, 12, 15, 16, 17, 18, 20, 21, 26, 32, 36, 37; MERS 15, 16, 17, 20, 32, 35, 47; US Bank 11, 12, 14, 15, 16, 17, 18, 20, 21, 25, 26, 32, 35, 36, 37.**

**Chase 11 and US Bank 11** both request documents and electronically stored information (referred to as "ESI") pertaining to commissions and bonuses paid during the loan transaction, including sale of insurance. Similarly, **Chase 12 and US Bank 12** request copies of bills, checks, wire transfers or other payment instruments for each disbursement in the transaction, including compensation paid to brokers. Plaintiff contends that such information could lead to evidence bearing on the chain-of-title for the note and mortgage, which is at issue in this lawsuit and is generally relevant to Plaintiff's claims. Payment of commissions and bonuses during the loan transaction, as well as copies of checks and other payment instruments, might lead to relevant evidence concerning the chain of title. Therefore, the motions to compel are granted as to **Chase 11 and 12 and US Bank 11 and 12**.

**US Bank 14** seeks discovery of documents and ESI relating to Plaintiff's earlier loan obligation, "if the current obligation resulted from a refinancing" of the earlier obligation. Because Plaintiff's claims are not premised upon any earlier loan obligation, Plaintiff has not demonstrated how production of these items is reasonably calculated to lead to the discovery of admissible evidence. Therefore, the Court denies, without prejudice, the motion to compel with respect to **US Bank 14**.

**Chase 15, MERS 15, and US Bank 15** request documents and ESI pertaining to negotiation and assignment of the note or notes, including any related agreements. Similarly, **Chase 16, MERS 16, and US Bank 16** seek documents and ESI showing or relating to assignment of the mortgage or mortgages. **Chase 17, MERS 17, and US Bank 17** seek copies of powers of attorney and other documents and

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

1  ESI on which the servicer of the loan may rely in acting on behalf

2  of the loan originator, note holder, or assignee, as well as other

3  related documents. **Chase 18 and US Bank 18** seek every document

4  transmitted by Chase and US Bank in connection with the negotiation

5  or assignment of notes or mortgages, which presumably is a

6  reference to Plaintiff's notes or mortgages. Plaintiff contends

7  that such documents and ESI bear upon chain of title with regard to

8  the note and mortgage, and whether there were valid assignments.

9  The Court agrees. Therefore, the motions to compel are granted as

10 to **Chase 15-18, MERS 15-17, and US Bank 15-18.**

11      **Chase 20, MERS 20, and US Bank 20** seek discovery of any

12 administrative complaint, documents, or ESI showing or relating to

13 government-initiated enforcement proceedings against these

14 Defendants and any other holder, assignee, or originator, dating

15 from January 1, 2005 to the present and concerning TILA.

16 Similarly, **US Bank 25** seeks discovery of documents and ESI

17 addressing US Bank's procedures for ensuring compliance with TILA,

18 including documents and ESI used to check compliance from January

19 1, 2005 to the present. In addition, **Chase 26 and US Bank 26** seek

20 discovery of manuals, memoranda and similar documents and ESI

21 setting forth these Defendants' policies, procedures, or practices

22 relating to loan origination or purchase of residential mortgages.

23 Because evidence pertaining to prior TILA violations or Defendants'

24 methods for compliance with TILA and RESPA may be relevant to

25 Plaintiff's TILA and RESPA claims, the Court allows this discovery,

26 and the motions to compel are granted as to **Chase 20 and 26, MERS**

27 **20, and US Bank 20, 25 and 26.**

28

**Chase 21 and US Bank 21** seek discovery of agreements, solicitations, correspondence, and other documents and ESI concerning each Defendant's purchase of loans from any other Defendant, "whether relating to this loan or other loans." Although the Court sees the importance of such documents insofar as the documents pertain to Plaintiff's loan, Plaintiff has not shown proportionality with regard to documents pertaining to the loans of non-parties. Therefore, the motions to compel are granted, in part, to the extent that **Chase 21 and US Bank 21** seek discovery pertaining to the Plaintiff's loan, but are otherwise denied, without prejudice, as to these two discovery requests.

**Chase 32, MERS 32, and US Bank 32** seek discovery of documents and ESI pertaining to third-party investors. These requests specifically state: "If a third-party investor holds or held any interest in the obligation underlying this action, or if this obligation has been or is part of a pool of obligations that have been securitized, all prospectuses, pooling and servicing agreements or reports concerning that loan pool, including documents and ESI which describe the investment and those that describe the performance of the loans in such pool, and all documents and ESI relating or referring to the same." Plaintiff asserts that Plaintiff attempted to locate the pooling and servicing agreement for Plaintiff's loan on the Securities and Exchange Commission site, but the documents appear to be private. Plaintiff contends, and the Court agrees, that such documents may bear upon the chain of title with regard to the note and mortgage. Therefore, the Court grants the motions to compel as to **Chase 32, MERS 32, and US Bank 32**.